## GEORGE MEADOWS v. STATE.

No. A-5406.   Opinion Filed April 10, 1926.
(244 Pac. 1119.)

Leslie P. Ross, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  The information in this case charged that in Comanche county, January 24, George Meadows did sell a pint of whisky to one James Maddox.  On the trial the jury found him guilty and fixed his punishment at a fine of $250 and imprisonment in the county jail for 90 days.

To reverse the judgment he appeals, and assigns as error that the evidence is insufficient to sustain the verdict; that the court erred in admitting incompetent evidence and in excluding competent evidence.

The state introduced but one witness, James Maddox, who testified that about 9 o'clock at night, on the day al-

leged, he stopped at the defendant's grocery store on the southwest corner of Lawton and bought some gas. Against the defendant's objection, he further testified: That, while he was there, his wife went up to the room and got a pint of whisky and brought it down. He was then asked: "Did you pay for it with a bill?" and answered, "I guess so; he gave me the change back for the gas." That he did not remember how big the bill was but thinks the defendant took pay for the whisky.

On cross-examination, he stated that he had signed an affidavit to the effect that he had never bought any whisky from the defendant, George Meadows; that he had sworn to it before Judge Perkins. The affidavit was offered in evidence and permission asked to read it to the jury. State's objection was sustained, and exception taken.

On redirect examination, he testified: Bob Johns was the only one that talked to him about this case. That he told Johns that he did not turn George Meadows in, and he did not want his case to come to trial, and asked him to talk to his wife. After that his wife told him to sign the affidavit. That Bob Johns would give her $25 and he signed the affidavit. This testimony was admitted over the defendant's objection, and the defendant's motion to strike was overruled.

On recross-examination, he was asked: "Do you know what it means to take an oath that you will tell the truth and nothing but the truth?" and answered "No, sir."

The defendant offered to show on further cross-examination that this witness was arrested, and the officers turned him loose on an agreement that he would say that he bought whisky from George Meadows. State's objection was sustained, and exception taken.

The state rested, and there was a motion by defendant

for a directed verdict of acquittal in the form of a demurrer to the evidence which was overruled.

We think the motion for a directed verdict should have been sustained, on the ground that the evidence was insufficient to connect the defendant with the offense charged.

It further appears that the rulings of the court on the cross-examination of the state's witness constituted error. The rule is well settled that the credibility of a witness may be impeached by proof that he has made statements relevant to the issues out of court, contrary to what he has testified to at the trial. I Greenleaf on Ev. (13th Ed.) 463.

For the reasons indicated, the judgment appealed from is reversed.

BESSEY, P. J., and EDWARDS, J., concur.